IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


EDWARD E. DAY,                )
                              )
          Plaintiff,          )
                              )
    v.                        )   Civil Action No. 12-267
                              )
JEANETTE BASEBALL             )
ASSOCIATION, et al.,          )
                              )
          Defendants.         )

REPORT AND RECOMMENDATION

I. Recommendation

      Presently before the Court is Defendants', Jeannette Baseball Association, et al. (the "defendants"), motion to dismiss Plaintiff's, Edward Day ("Day"), complaint (Doc. # 23). For the reasons that follow, it is respectfully recommended that Defendants' motion be denied.

II. Report

  A. Factual and Procedural History

      Day filed this pro se Title VII action claiming racial discrimination (Doc. # 1). Day, an African American, alleged that defendants, a baseball association and two of its members, treated African American volunteer baseball coaches differently from white coaches in that the African American coaches were

1

publicly chastised and disrespected at board meetings and were excluded from fund-rising events.

When defendants failed to respond to the complaint, Day filed a motion for default judgment, and, pursuant to a court order, an affidavit attesting to the accuracy of the information included in his motion (Doc. ## 9,11). On November 1, 2012, the Clerk's Office entered default against all defendants. (Doc. # 12). The Court scheduled a hearing on Day's motion for default judgment, sending copies of the Clerk's entry of default and the notice of the hearing to defendants at the Jeannette Fieldhouse address. On November 20, 2012, defendants, now represented by counsel, filed a motion to vacate the Clerk's entry of default (Doc. # 15).

After a hearing on November 27, 2012, Day's motion for default judgment was dismissed as moot and defendants' motion to vacate the default was granted.

On November 28, 2012, defendants filed a motion to dismiss Day's complaint for failure to exhaust administrative remedies with respect to his discrimination claim. Specifically, defendants asserted that Day has not pled that he received a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"), a prerequisite to filing an ADA claim in federal court.

Day responds that he contacted the EEOC and was

informed that he could not file a claim because that agency did not handle matters involving volunteers. He received similar information from the Pennsylvania Human Relations Commission ("PHRC"). Accordingly, Day submits that it was impossible for him to procure the required right-to-sue letter.

B. <u>Standard of Review</u>

The United States Supreme Court opinions in <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544 (2007) and, more recently, in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937 (2009), have shifted pleading standards from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss. With the Supreme Court instruction in mind, the Court of Appeals for the Third Circuit has outlined a two-part analysis that courts should utilize when deciding a motion to dismiss for failure to state a claim. First, the factual and legal elements of a claim should be separated. In other words, while courts must accept all of the complaint's well-pleaded facts as true, they may disregard any legal conclusions. Second, courts then decide whether the facts alleged in the complaint are sufficient to demonstrate that the plaintiff has a "plausible claim for relief." <u>Iqbal</u>, 129 S. Ct. at 1950. That is, a complaint must do more than allege the

3

entitlement to relief; its facts must show such an entitlement. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009).

C. Discussion

In general, before an ADA action can be filed in federal court, a plaintiff must exhaust administrative remedies by filing a complaint with the EEOC. 42 U.S.C. § 2000e; Churchill v. Star Enterprises, 183 F.3d 184, 190 (3d Cir. 1999). If the EEOC does not resolve the matter within 180 days, the agency must issue a right-to-sue letter or the complainant may request a letter. McNasby v. Crown Cork and Seal Co., Inc., 888 F.2d 270, 274 n. 3 (3d Cir. 1989). The plaintiff has ninety days from receipt of the right-to-sue letter to file a lawsuit in federal district court. 42 U.S.C. §§ 2000e-5(f)(1), (f)(3).

It is clear that Day did not exhaust his administrative remedies. However, it is also undisputed that Day's attempts to proceed before the administrative agencies were rebuffed. In this instance, the EEOC's and PHRC's position that it lacked the authority to consider Day's discrimination claims should be construed as a de facto exhaustion of his rights before those agencies and his failure to obtain a right-to-sue-letter should be excused.

D. Conclusion

For the reasons set out in this Report and

Recommendation, it is respectfully recommended that defendants' motion to dismiss count (Doc. # 23) be denied.

Within the time limits set forth in the attached notice of electronic filing, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of the objections to respond thereto. Failure to file timely objections may constitute waiver of any appellate rights.

Dated:   January 2, 2013		Respectfully submitted,

<p style="margin-left:40%">
<u>s/Robert C. Mitchell</u><br>
Robert C. Mitchell<br>
United States Magistrate Judge
</p>